GIMBEL BROS., INC. *v.* UNITED STATES   (No. 5099)*

United States Court of Customs and Patent Appeals, January 16, 1963

*John D. Rode* for appellant.

*Joseph D. Guilfoyle*, Acting Assistant Attorney General, *Andrew P. Vance*, Chief, Customs Section (*Mollie Strum* and *Richard H. Welsh*, trial attorneys, of counsel) for the United States.

[Oral argument November 7, 1962, by Mr. Rode and Miss Strum]

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Associate Judges

SMITH, Judge, delivered the opinion of the court:

The importer, plaintiff below, appeals from the judgment[1] of the United States Customs Court overruling its protest against the classification of the Collector of Customs.

The merchandise at issue consists of nylon girdles, in part lace. They were classified under paragraph 1529(a) of the Tariff Act of 1930 as body supporting garments, in part lace, and duty was assessed under said paragraph as modified by the Sixth Protocol of Supplementary Concessions to the GATT, T.D. 54108, at the rate of 35½ per centum ad valorem.

Appellant here reasserts its claim that nylon girdles are properly dutiable at (1) 26 per centum ad valorem under the provisions of paragraph 1529(c) of the Tariff Act of 1930, as modified by T.D. 54108, *supra*, as body supporting garments, or (2) at 10 per centum ad valorem under the provisions of paragraph 1558 of said Act, as modified by T.D. 52739 and T.D. 52827, as nonenumerated manufactured articles, not specifically provided for.

The provisions of paragraph 1529(a), Tariff Act of 1930, as modified by T.D. 54108, *supra*, and under which the imported merchandise

*C.A.D. 813.
[1] C.D. 2308.

was classified by the collector, provide, insofar as herein applicable, as follows:

> Bandeaux-brassieres, brassieres, corsets, girdle-corsets, step-in-corsets; corsets, girdle-corsets, or step-in-corsets, attached to bandeaux-brassieres or brassieres; similar body-supporting garments; and articles to which any of the foregoing is attached; all the foregoing provided for in subdivision [19] of paragraph 1529(a) _____ 35½% ad. val.

Subdivision [19], referred to above and as set forth in the publication of the United States Tariff Commission, entitled United States Import Duties (1952), insofar as applicable herein, provides as follows:

> Bandeaux-brassieres, brassieres, corsets, girdle-corsets, step-in-corsets; corsets, girdle-corsets, or step-in-corsets, attached to bandeaux-brassieres or brassieres; similar body-supporting garments; and articles to which any of the foregoing is attached; all the foregoing, whether or not described elsewhere in this sub-paragraph * * *.

Paragraph 1529(a), Tariff Act of 1930, further provides in part as follows:

> Laces, lace fabrics, and lace articles, made by hand or on a lace, net, knitting, or braiding machine, and all fabrics and articles made on a lace or net machine, * * *; all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished (except materials and articles provided for in * * *, sub-paragraph (b) of this paragraph), by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile, * * *.

Paragraph 1313, Tariff Act of 1930, reads as follows:[2]

> Whenever used in this Act the terms "rayon" and "other synthetic textile" mean the product made by any artificial process from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing, which product is solidified into filaments, fibers, bands, strips, or sheets, whether such products are known as rayon, staple fiber, visca, or cellophane, or as artificial, imitation, or synthetic silk, wool, horsehair, or straw, or by any other name whatsoever.

Paragraph 1529(c), Tariff Act of 1930, as modified by T.D. 54108, under which it is claimed by the importer that the imported merchandise is properly dutiable, provides as follows:

> Corsets, girdle-corsets, step-in-corsets, brassieres, bandeaux-brassieres; corsets, girdle-corsets, or step-in-corsets, attached to brassieres or bandeaux-brassieres; all similar body-supporting garments; all the foregoing, of whatever material composed, finished or unfinished, and all wearing apparel or articles to which any of the foregoing is attached; all the foregoing whether or not containing elastic fabric_____ 26% ad. val.

---

[2] Paragraph 1313 was amended August 13, 1958, Public Law 85-645, paragraph 3(a), 72 Stat. 602 to include "noncellulosic" synthetic textiles such as nylon. This amendment, subsequent to the importation in issue, is of no effect in the case at bar, *United States* v. *Steinberg Bros.*, 47 CCPA-47, C.A.D. 727.

The initial question presented by the present appeal is whether the merchandise at issue is, as held by the United States Customs Court, to be body-supporting garments, in part lace, composed of nylon yarns, threads or filaments and as such properly classifiable under the provisions of paragraph 1529 (a) as modified, *supra*, and dutiable at the rate of 35½ per centum ad valorem under said paragraph.

Appellant contends that since the body-supporting garments involved are composed of nylon, which is a synthetic textile, and are not composed of cellulose, a compound of cellulose, or a mixture containing any of the foregoing as provided in paragraph 1313, *supra*, they cannot be said to be composed of filaments, yarns or threads within the meaning of paragraph 1529 (a), *supra*, because said provision for "* * * filaments, yarns or threads" is limited to natural filaments, yarns, or threads.

Appellee contends that:

1. The provision of paragraph 1529 (a), *supra*, "* * * composed wholly or in chief value of filaments, yarns, threads" is not limited to natural filaments, yarns, or threads;

2. There is nothing in any previously contested case nor in the legislative history to support appellant's theory that the imported articles are not composed of yarns, threads, or filaments within the meaning of paragraph 1529 (a), *supra*.

The record herein contains a stipulation as follows:

1. That the merchandise described on the invoice as Girdle, all nylon-gauze, elastic net and embroidery, assessed with duty at the rate of 35½ per centum ad valorem under Paragraph 1529 (a) consists of corsets, girdle-corsets, or step-in-corsets, or similar body-supporting garments, in part lace, wholly of nylon, not made from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing;

2. That the protest be deemed submitted on this stipulation, being limited to the merchandise described above;

\* \* \* \* \* \* \*

*The holding of the Customs Court that the imported girdles were* not covered by the phrase "rayon or other synthetic textile" is not in dispute.

With reference to appellant's claim that the imported merchandise is not composed of filaments, yarns, or threads within the meaning of paragraph 1529, *supra*, the court below said:

The second contention of plaintiff, based upon the theory that the imported merchandise is not composed of filaments, yarns, or threads, within the meaning of paragraph 1529 (a), *supra*, is a more complex proposition. This theory does not seem to be borne out by decision in any previously contested case, nor does there appear to be any congressional intent to support this theory. However, in view of the complexity of this contention, it might be advisable to review the predecessor provisions of paragraph 1529 (a) of the Tariff Act of 1930.

After considering several decisions, including *United States* v. *Veit Son & Co.*, 8 Ct. Cust. Appls. 290, T.D. 37540, the court said:

\* \* \* We are of the opinion that the *Veit* case, *supra*, does not limit the definitions set forth therein of yarns, threads, and filaments to those of natural origin.

After considering other cases and reviewing the predecessor provisions of paragraph 1529(a) of the Tariff Act of 1930, the court further said:

\* \* \* Accordingly, the provisions in paragraph 1529(a), relating to rayon or other synthetic textile, were, in our opinion, specifically made to cover such articles as were defined in paragraph 1313 of the Tariff Act of 1930, including visca and cellophane, which are generally not considered yarns, threads, or filaments. Research has failed to reveal any decision of the court or any expression of Congress, which requires or even intimates that the terms, yarns, threads, and filaments, contained in paragraph 1529(a) of the Tariff Act of 1930, and the phrase, rayon or other synthetic textile, are mutually exclusive of each other.

We find that the involved merchandise is made of nylon gauze, elastic net, and embroidery which are obviously made from yarns or filaments, and falls within the definition of said materials set forth in the *Veit* case, *supra*.

Judge Lawrence in dissenting from the majority opinion stated that he was:

\* \* \* of the opinion from an examination of the tariff structure of paragraph 1529(a) of the Tariff Act of 1930, in the light of its antecedent statutory provisions—paragraph 1430 of the Tariff Act of 1922 and paragraph 358 of the Tariff Act of 1913, respectively—that the language in said paragraph 1529(a) composed of yarns, threads, or filaments is limited to such materials of natural origin. \* \* \*

and

\* \* \* that the subject merchandise is excluded from classification in paragraph 1529(a) as modified, and is properly classifiable in paragraph 1529(c) as modified, and dutiable, as claimed by plaintiff. \* \* \*

Despite appellant's argument and with due deference to the views expressed by Judge Lawrence in his dissenting opinion, we think it is clear that paragraph 1529(a) of the Tariff Act of 1930, as modified by T.D. 54108, covers the imported nylon girdles having lace thereon. There is no question as to the nature of the goods, the sole question being the technical one of whether such goods are "composed wholly or in chief value of filaments, yarns, threads \* \* \*." This question arises by reason of the decision of our predecessor court in *United States* v. *Veit Son & Co.*, *supra*, in which the phrase here in issue was construed with respect to certain trimmings in chief value of lame or lahn and bullion. After reference to dictionary definitions of the terms "yarns, threads, or filaments," the court said:

According to these definitions the associated terms "yarns, threads, or filaments" would ordinarily apply to such materials only as may be used in the generally known processes of knitting, weaving, or sewing. This interpretation is approved in the present case by a comparison of the several provisions of the tariff paragraph in question. That paragraph names many specific articles, all of which are made by knitting, weaving, or sewing, or similar

processes, and finally applies to all of them the phrase now under review, to wit, "all of the foregoing of whatever yarns, threads, or filaments composed."

We are therefore convinced that these terms were intended to cover only such materials as are generally known as materials for knitting, weaving, or sewing, *and inasmuch as the present lame or lahn, and bullion, are incapable of such use, the goods of which they compose the chief value do not answer to the qualifications of the paragraph.* [Emphasis added.]

We are not convinced by appellant's argument that the majority opinion below was in error when it stated:

We find that the involved merchandise is made of nylon gauge, elastic net, and embroidery, which are obviously made from yarns or filaments, and falls within the definition of said materials set forth in the *Veit* case, *supra.* The protest is, therefore, overruled.

Nylon yarns or filaments are included in the provision of paragraph 1529(a) of the Tariff Act of 1930, as amended, which refers to "laces * * * and fabrics and articles wholly or in part thereof * * * when composed wholly or in chief value of filaments, yarns, threads." This provision is restricted to such yarns, threads and filaments as are generally known as materials for knitting, weaving, or sewing by the *Veit* case, *supra.* There is no limitation to the material, makeup or composition of said yarns, threads, or filaments. The provision as to yarns, threads and filaments is not limited, as appellant here contends, to materials for knitting, weaving, or sewing, which were known in 1930. It clearly embraces not only such materials as were then known but operates to include future materials as well. *Newman* v. *Arthur*, 109 U.S. 132. Such yarns, threads and filaments are not limited to natural products. They encompass both natural and synthetic products which otherwise come within the purview of said provision.

Appellant has asserted in its brief that since a specific provision by Congress was required to add synthetic fibers of cellulose to paragraph 1529(a), "there can be no possible authority for including in said Paragraph the imported synthetic nylon * * *." This contention was properly disposed of by the court below as follows:

When the Tariff Act of 1930 was enacted, the provision with respect to products of cellulose was changed to read "rayon or other synthetic textile." It is interesting to note that the definition of rayon and other synthetic textile, set forth in paragraph 1313 of the Tariff Act of 1930, provided for such product "which product is solidified into filaments, fibers, bands, strips, or sheets, whether such products are known as rayon, staple fiber, visca, or cellophane, or as artificial, imitation, or synthetic silk, wool, horsehair, or straw, or by any other name whatsoever."

*In view of this definition, we are of the opinion that the provision for "rayon or other synthetic textile" was included within the provisions of paragraph 1529(a) of the Tariff Act of 1930 as a logical result of the decisions made prior to the enactment of said act and particularly to overcome the decision in the Rolland Freres case, supra.* [Emphasis added.]

The case of *Rolland Freres*, *(Inc.)* v. *United States*, 11 Ct. Cust. Appls. 321, T.D. 39141, mentioned by the Customs Court above, held that articles composed of visca and cellophane were not properly classifiable under the provisions of paragraph 319 of the Tariff Act of 1913 which provided for "yarns, threads, filaments of artificial or imitation silk * * * by whatever name known and by whatever process made." A change to include rayon (visca and cellophane) was included in the Tariff Act of 1922 and was carried forward with the required changes to comply with the new schedule 13 in the 1930 Act.

Since we find that the provision for filaments, yarns and threads at issue herein is not limited to those of natural origin but include those of synthetic origins as well, and inasmuch as the body-supporting garments here involved are in part lace and were made of nylon gauze, elastic net and embroidery, which are made from yarns, threads, or filaments, we think they fall within the definition of said materials in the *Veit* case, *supra*. Consequently, the merchandise involved was correctly classified.

The judgment is *affirmed*.

---

MARTIN, J., dissenting.

I do not agree with my colleagues that the language "filaments, yarns, threads * * *" as used in paragraph 1529(a) of the Tariff Act of 1930, is not limited to natural filaments, yarns or threads.

It seems to me that unless it is so limited the word "or" in the phrase "or rayon or other synthetic textile" in paragraph 1529(a), would have no significance. Furthermore, if the majority is correct, paragraph 1313 becomes inoperable as a limiting provision since, even though that paragraph limits "rayon or other synthetic textile" to cellulose materials wherever these words are used in the Tariff Act of 1930, the majority says, in effect, that so long as the synthetic textile under consideration is made up of filaments, yarns or threads it is not limited by paragraph 1313.

Further, it should be noted that in referring to synthetic material Congress in paragraph 1313 used the words "filaments, fibers, bands, strips, or sheets" not "filaments, yarns or threads" as in paragraph 1529(a). This difference in and of itself shows that Congress had different kinds of merchandise in mind when it used different language to express its intent.

I do not see how *United States* v. *Veit, Son & Co.*, 8 Ct. Cust. Appls. 290, T.D. 37540, supports the majority view. The opinion does not say that the words in question are not limited to natural material and at the time that this opinion was rendered the pertinent provisions were so different from those of the Tariff Act of 1930 that one can draw either conclusion from the opinion in that case. This is borne

out by the fact that both the majority and the dissenting opinions of the Customs Court in the case at bar relied upon the *Veit* case. However, it should be pointed out that paragraph 358 of the Tariff Act of 1913, which is the predecessor of 1529(a) and is discussed in the *Veit* case, reads: "* * * and all lace articles of ·whatever yarns, threads or filaments composed; * * *" whereas "whatever" is not found in 1529(a).

It is interesting to note that the 85th Congress amended paragraph 1313 so that it now includes nylon articles. If the majority's interpretation is correct such Congressional action would have been unnecessary.